IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRYSTELL H. FACKRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-0958-CV-W-DW |
| | ) | |
| SAMUEL LEE MARSHALL and | ) | |
| LOMBARDI SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Lombardi Software, Inc.'s ("Lombardi") motion for summary judgment (Doc. 36). Lombardi seeks judgment in its favor on Plaintiff's claim based on a theory of vicarious liability. Plaintiff filed suggestions in opposition (Doc. 52) and Defendant Lombardi filed reply suggestions (Doc. 54). After reviewing the record and the applicable law, the Court finds no genuine issue of material fact suggesting Plaintiff is entitled to relief. Accordingly, for the reasons stated below, Defendant Lombardi's motion for summary judgment is granted.

I. BACKGROUND

Plaintiff Chrystell Fackrell seeks damages for personal injuries arising out of an August 28, 2003 incident wherein a vehicle operated by Defendant Samuel Marshall collided with Plaintiff. The incident occurred in the parking lot of a gas station at approximately 4:43 p.m. Mr. Marshall was on his way to the KCI airport to return his rental car and fly to his residence in South Carolina. He was backing out after purchasing fuel, when the incident occurred.

Mr. Marshall provided computer programming services to Defendant Lombardi under the terms of a consulting agreement. Mr. Marshall provided these services on-site at the Sprint Corporate headquarters in Overland Park, Kansas. Mr. Marshall typically worked at Sprint's

facilities from Monday to Thursday or Friday and would fly home for the weekend. According to the consulting agreement, Mr. Marshall is an independent contractor and not an employee of Lombardi. However, Mr. Marshall has the same programming duties as other individuals who are employees of Lombardi. Pursuant to the consulting agreement, Lombardi compensated Mr. Marshall at a daily rate of $450.00 and reimbursed reasonable expenses including travel, food and lodging.

## II.  STANDARD OF DECISION

Summary judgment is appropriate if there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005); Fed. R. Civ. P. 56(c). "The burden of demonstrating that there are no genuine issues of material fact rests on the moving party." Winthrop Resources Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004). The Court reviews the evidence and draws reasonable inferences in the light most favorable to the non-moving party. See Horn v. Univ. of Minn., 362 F.3d 1042, 1045 (8th Cir. 2004).

When the facts are undisputed, the trial court may declare as a matter of law that one is or is not an independent contractor. Williamson v. Southwestern Bell Tel. Co., 265 S.W.2d 354, 359 (Mo. 1954). There is no issue of fact for the jury to decide "if the 'facts' alleged to be in dispute are actually differing opinions of the parties of the legal effect of documents or actions which determine their respective rights." Roberts Fertilizer, Inc. v. Steinmeier, 748 S.W.2d 883, 887 (Mo. App. 1988).

## III.  DISCUSSION

An employer is liable under the theory of *respondeat superior* for damages attributable to

2

the misconduct of an employee or agent acting within the course and scope of the employment or agency.  Burks v. Leap, 413 S.W.2d 258, 266 (Mo. 1967).  Liability based on *respondeat superior* requires some evidence that a master-servant relationship existed between the parties and that the negligent acts or omissions of her employee committed within the scope of employment.  Studebaker v. Nettie's Flower Garden, Inc., 842 S.W.2d 227, 229-30 (Mo. App. 1992).  Because the Court finds that the undisputed facts establish that Mr. Marshall was not acting within the scope of his employment, his status as either an independent contractor or employee need not be addressed.

Under Missouri law, it is generally held that getting to the place of work is ordinarily a personal problem of the employee and not a part of his services to his employer.  Sharp v. W. & W. Trucking Co., 421 S.W.2d 213, 219 (Mo. 1967) (referring to this as the "going and coming" rule).  The court must inquire whether the employee was "engaged in the prosecution" of the employer's business at the time of the occurrence, or whether the accident simply occurred during the time of employment.  Studebaker, 842 S.W.2d at 229.  The plaintiff generally must establish "the right of the employer to control the physical acts or movements of the employee at the very moment of the occurrence" for which the employer is sought to be held responsible.  See Pyle v. United States, 827 F.2d 360, 361-63 (8th Cir. 1987) (applying Missouri law); Studebaker, 842 S.W.2d at 229.

Plaintiff raises two exceptions to the general rule applicable in Missouri: the "special errand" and "dual purpose" doctrines.  The special errand exception applies when an employee, having identifiable time and space limits on his employment, makes a journey which would normally fall under the going and coming rule, but invests substantial time and trouble, or suffers special inconvenience, hazard or urgency in making the journey under the particular circumstances so that it can be viewed as an integral part of the service itself.  Logan v. Phillips, 891 S.W.2d 542, 544

3

(Mo. App. 1995) (citations omitted).

The dual purpose doctrine provides that if an employee's work requires travel, the employee is deemed to be in the course of his employment although he may have been attending to a simultaneous personal purpose. Tuttle v. Muenks, 964 S.W.2d 514, 518 (Mo. App. 1998). The exception applies when "in the course of his normal journey to and from work, performs some concurrent service for his employer." Id. (citing Gingell v. Walters Contracting Corp., 303 S.W.2d 683, 689 (Mo. App. 1957)).

Movant argues that Mr. Marshall's stop to get gas was not within the scope of his employment. Movant's argument is essentially that Mr. Marshall was no longer performing programming services for Lombardi when he left the Sprint campus. Plaintiff emphasizes that the rental car, gas and air travel were all paid for by Lombardi and that Lombardi required Mr. Marshall to perform his work at the Sprint campus. Plaintiff further argues that Mr. Marshall was scheduled to participate in a conference call at 5:00 p.m., a mere fifteen minutes after the time of the incident.

The Court finds that while Lombardi may have exercised some control over the manner in which Mr. Marshall performed his programming services, the record clearly indicates that this control did not extend to his time off the Sprint campus. Lombardi did not require Mr. Marshall to relocate from South Carolina to Kansas City for the duration of the Sprint project, nor did it place any restrictions on the manner, mode or frequency of his travel home to South Carolina. The incident occurred after Mr. Marshall had left the Sprint campus. He was at the gas station to refuel the rental car prior to its return. His flight was scheduled for 6:00 p.m. and he was not returning to the work until the following Monday. The mere fact that Lombardi reimbursed Marshall for his reasonable travel expenses, or that Mr. Marshall intended to dial into a work-related conference call

from the airport, does not indicate that Lombardi controlled or directed Mr. Marshall's conduct at the time of the incident.

The is no evidence in the record that Mr. Marshall was on a "special errand" for Lombardi at the time of the incident. Although Mr. Marshall's commute is longer than the normal worker, air-based commutes are becoming increasing common in today's highly mobile workplace. Regardless of its length, the is no evidence in the record that this commute exposed Mr. Marshall to any additional special risks during the commute or created a substantially more inconvenient or hazardous trip. Furthermore, any risk to Mr. Marshall from his extended commute was not a direct result of his employment, but was rather a consequence of activity directly within his control.

Nor is there any evidence that Mr. Marshall was engaged in an activity that had both a personal character as well as some benefit to the employer. Here, Mr. Marshall was not running an errand for a dual purpose, he was going home. At the time of the incident, Mr. Marshall was acting in furtherance of his exclusive personal plans and was not engaged in any act at the direction of his employer. Lombardi was not the direct or indirect beneficiary of the employee's plan to travel home for the weekend. The only "benefit" to Lombardi is that Mr. Marshall intended to return to work on Monday. The mere fact that the employee would return to work at the next designated work time is insufficient to bring Mr. Marshall's trip home to South Carolina within the scope of employment.

In summary, there is nothing in the record to distinguish Mr. Marshall's status from that of other persons who drive themselves to and from work each day in their own automobiles without exposing their employers to liability for their tortious acts en route. Therefore, the general rule applies and the Court concludes that Mr. Marshall was not acting within the scope of his employment at the time of the accident.

5

IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment on Plaintiff's *respondeat superior* claim against Defendant Lombardi Software, Inc.

IT IS SO ORDERED.


Date: February 8, 2006                                             _____/s/ Dean Whipple_____
                                                                                    Dean Whipple
                                                                          United States District Court

6